**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

**IN RE: JOSEPH L. HAMPTON**                    **CASE NO: 11-32505**

<u>**JOSEPH L. HAMPTON'S PLAN OF REORGANIZATION**</u>
<u>**DATED FEBRUARY 25, 2013**</u>

**ARTICLE I**
<u>**SUMMARY**</u>

This Plan of Reorganization (the "Plan ) under chapter 11 of the Bankruptcy Code proposes to pay creditors of Joseph L. Hampton from cash flow from rental operations and sale of properties.

This Plan provides for five (5) classes of secured claims; and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at one hundred cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full on the Effective Date of this Plan unless such claimant has, prior to the Effective Date, agreed in writing to accept periodic payment on account of its administrative and priority claims. Priority tax claims will be paid through quarterly cash payments.

All creditors should refer to Articles III through of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
<u>**GENERAL PROVISIONS**</u>

2.01    <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

As used in this Plan, capitalized terms have the meanings set forth below:

a. **"Allowed Claim"** means (i) any claim against the Debtor, proof of which    was filed on or before the date designated by the Bankruptcy Court as the last date for filing

proofs of claim or (ii) if no proof of claim was filed, a claim which has been designated by either Debtor as liquidated in an amount certain and not disputed or contingent in the Debtor's Schedules or any amendments thereto.  In either case, a claim to which an objection to the allowance thereof has been raised by any party in interest is not an Allowed Claim until a determination is made through a Final order of judgement from the Bankruptcy Court.

     b. **"Bankruptcy Code"** means the Bankruptcy Code of 1978, as codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including all amendments thereof and thereto.

     c. **"Bankruptcy Court"** means the United states Bankruptcy Court for the Western District of Kentucky.

     d. **"Bankruptcy Rules"** means, collectively, the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as in effect at the relevant time.

     e. **"Chase Mortgage"** means JPMorgan Chase Bank, NA.

     f. **"Claim"** means any right to payment, whether or not such right is reduced to judgement, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to any equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, umatured, disputed, undisputed, secured or unsecured.

     g. **"Confirmation"** means the entry of an order of confirmation of the Plan by the Bankruptcy Court.

     h. **"Confirmation Order"** means the order of the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.

     i. **"Debtor"** means Joseph L. Hampton

     j. **"Effective Date"** means the fifteenth (15th ) day following the date of the entry of the Confirmation Order.  But if a stay of the Confirmation Order is in effect on that date, this term shall mean the first (1st ) business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

     k. **"Final Order"** means an order of the Bankruptcy Court which has become final, and which may no longer be the subject of an appeal, or any certiorari or mandamus proceeding or any other order, the effectiveness of which has not been, and cannot be, stayed.

     l. **"PBI"** means PBI Bank, Inc.

m. **"Plan"** means this Plan of Reorganization and its exhibits, together with any amendments or modifications thereto as may hereafter be filed prior to Confirmation.

n. **"Secured Claim"** means a Claim, including principal, interest, attorneys' fees and other amounts owing by the Debtor, secured by a lien on property of the Debtor, which lien is valid, perfected and enforceable under applicable non-bankruptcy law and not subject to avoidance under the Bankruptcy Code or such applicable non-bankruptcy law as allowed in these cases, but only to the extent that such claim is not greater than the value of the Debtor's assets which the Court finds are validly encumbered as security for such claim.

2.02    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

2.03    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

2.04    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

2.05    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy code or the Bankruptcy Rules), the laws of the Commonwealth of Kentucky govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE III
## CLASSIFICATION OF CLAIMS AND INTERESTS

3.01    Class 1.  All Allowed Claims entitled to priority under  § 507 of the Bankruptcy Code (except Allowed administrative expense Claims under  § 507(a)(2), and Allowed priority tax Claims under  § 507(a)(8). As of the date this Plan is proposed, there are no known members of Class 1.

3.02    Class 2 A.  Claim of Chase secured by first mortgage on debtors residence.

3.03    Class 2 B.  Claims of Chase secured by first mortgage on 6503 Rod-N-Reel, and 6513 Rod-N-Reel on which the parties entered into loan modification agreement,

3.04    Class 2 C.  Claims of Chase secured by a first mortgage on debtors other (9) real properties on Rod-N-Reel Court.

3.05   <u>Class 2 D.</u>    Claim of PBI for $59,514.52 secured by second mortgage on (11) properties on Rod-N-Reel

3.06   <u>Class 2 E.</u>    Claim of PBI for $596,000.00 secured by property in which debtor has 10.5% beneficial interest.

3.07   <u>Class 2 F.</u>    Claims secured by unpaid real property tax liens for approximately $18,500.00 secured by the properties.

3.08   <u>Class 3.</u>   All <u>unsecured</u> claims allowed under § 502 of the Bankruptcy Code.  Known members of the class include:

| | |
|---|---|
| Your Community Bank | $9,586.00 |
| Stock Yards Bank | $6,267.00 |
| Total | |
| | $15,853.00 |

## ARTICLE IV
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## <u>U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS</u>

4.01   <u>Unclassified Claims</u>.  Pursuant to section § 1123(a)(1) of the Bankruptcy code, this Plan does not designate classes for administrative expense Claims and priority tax Claims.

4.02   <u>Administrative Expense Claims</u>.  Each holder of an administrative expense Claim allowed under § 503 of the Bankruptcy Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon in a writing signed by the holder of the claim and the Debtor.  Holders of Administrative Expense Claims are the debtors attorneys, Kurtz & Kurtz and Lowen & Morris, and the examiner Robert Keats.
        The allowed claim of Robert Keats of $2,400.00 has previously been paid.

4.03   <u>Priority Tax Claims</u>.  Each holder of an Allowed priority tax Claim will receive regular quarterly installment payments, in cash, in an amount sufficient to satisfy the priority tax Claim, plus interest accruing at the applicable statutory rate, on or before July 1, 2018.  As of the date this Plan is proposed, there are $9,212.54 of priority tax Claims against the Debtor's estate.

4.04   <u>United States Trustee Fees</u>.  All fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date will be paid on the Effective Date.

## ARTICLE V
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority | Unimpaired | Each holder of a Class 1 priority Claims Claim will be paid in full, in cash upon the later of the Effective date or the date on which such Claim is allowed by a final Order Priority tax claims will be paid in full by July 1, 2018 |
| Class 2 A - Secured Residence Claim of Chase Unimpaired | | Chase will have its Claim paid in full through regular monthly payments as more fully set forth in the Chase modification.  In sum, Debtor will make cash payments to Chase in the amount of $1,688.00 per month |
| Class 2 B - Chase Modified Mortgage | | Chase will have its claim paid in full through regular monthly payments |
| Class 2 C - Chase Rental Mortgage | | Chase will have its claim paid in full at a reduced interest rate of 3% |
| Class 2 D - PBI Second Mortgage | | PBI Claim of $59,514.52 secured by a second mortgage on (11) properties on Rod-Reel. The claim is paid according to terms by Park Lake LLC. |
| Class 2 E - PBI Mortgage | | PBI Claim for $552,500.00 (original amount $596,000.00) paid by Invictus Properties LLC for five (5) properties with interest at 6% amortized over thirty (30) years. |
| Class 2F-Secured Real Property Tax | | Claims secured by unpaid tax liens for real property tax.  These will be paid in full within 36 months of confirmation. |

| Class 3 - General Unsecured Creditors | Impaired | Between the Effective Date and July the 1, 2018, the Debtor will make a sum total of $15,853.00 available for distributions to all holders of Allowed of Allowed Class 3 claims commencing sixty (60) days after the Effective Date each holder of an Allowed Class 3 claim will receive cash payments representing all or a portion of the holder's pro-rata share of the funds available for distribution to members of class 3. The Debtor in its sole and absolute discretion shall determine the frequency and timing of distributions to be made to holders of Allowed Class 3 claims under the Plan, with the limitation being that the sole available funds shall be distributed on or before July 1, 2018 |
|---|---|---|

## ARTICLE VI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

6.01    Disputed Claim.  A disputed Claim is a Claim that has not been allowed or disallowed by a Final Order, and as to which either: (i) a proof of Claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of Claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a Disputed Claim unless such Claim is allowed by a Final Order or a written agreement by the Debtor which is approved by the Bankruptcy Court under Section 6.03 of this Plan.

6.03    Settlement of Disputed Claims.  The Debtor will retain the power and authority to settle and compromise a disputed Claim with court approval and compliance with Rule 9019 of the Bankruptcy Rules.

## ARTICLE VII
## PROVISIONS FOR EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES

There are no known executory contracts.

### ARTICLE VIII
### MEANS FOR IMPLEMENTATION OF THE PLAN

8.01   Post-Confirmation Operations.  Upon the Effective Date, the Debtor will retain all property of the estate and continue to use it in the operation of its business. Post-Confirmation operations will be directed and managed by Debtor who is an individual.  As suggested in the Debtor's financial projections submitted with the Disclosure Statement, the Debtor expects its post-Confirmation operations will generate revenues sufficient to satisfy and discharge both its post-petition obligations and those Claims treated in the Plan.

### ARTICLE IX
### DISCHARGE

On the Confirmation date of this Plan, the Debtor will be discharged from any debt that arose before Confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141 (d)(I)(A) of the Bankruptcy Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141 (d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Bankruptcy Rules; or (iii) of a kind specified in § 1141 (d)(6)(B).

Upon entry of the Confirmation Order, claimants, including holders of disputed claims, shall be forever barred and enjoined from any attempt to assess, demand or collect such discharged indebtedness from the Debtor.

### ARTICLE X
### RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of this chapter 11 case pursuant to the provisions of the Bankruptcy Code until the Debtor's case is closed, and shall further retain jurisdiction with respect to the following matters:

a.  To classify, allow or disallow claims, direct distributions under the Plan, and adjudicate all controversies concerning classification or allowance of any Claim against, or interest in, the Debtor.

b.  To enforce performance of the Plan against the Debtor, all claimants or any other entity.

c.  To hear and determine all Claims arising from the rejection of executory contracts and unexpired leases, and to consummate the rejection and termination thereof, and to hear and determine all matters relating to the assumption of executory

contracts and unexpired leases and the assumption and assignment of executory contracts and unexpired leases.

d.  To liquidate damages or estimate Claims in connection with any disputed, contingent or unliquidated Claim;

e.  To adjudicate all claims to an ownership interest in any property of the Debtor or of the estate or any proceeds thereof;

f.  To adjudicate all claims or controversies arising out of any purchase, sale or contract made or undertaken by the Debtor during the pendency of this chapter 11 case;

g.  To recover all assets and properties of the Debtor, wherever located;

h.  To hear and determine matters concerning state, local and federal taxes pursuant to §§ 345, 505, 525, and 1146 of the Bankruptcy Code;

i.  To hear and determine any action or proceeding brought by the Debtor under §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, or 553 of the Bankruptcy Code.

j.  To hear and determine all actions and proceedings brought by the Debtor arising in or related to this chapter 11 case, or otherwise arising under the Bankruptcy Code.

k.  To determine the validity, extent and priority of all liens against property of the Debtor's estate.

l.  To consider any modification of the Plan under § 1127 of the Bankruptcy Code and/or modification of the Plan after substantial consummation thereof;

m. To hear and determine all controversies, suits and disputes that arise in connection with the interpretation or enforcement of the Plan.

n.  To hear and determine all requests for compensation and/or reimbursement of expenses that may be made after the date of Confirmation; and

o.  To hear and determine such matters and make such orders consistent with the Plan as may be necessary or desirable to carry out the provisions thereof.

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of this chapter 11 case, including the matters set forth herein, or if the Debtor elects to bring an action in any other forum, this Article shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having jurisdiction with respect to such matter.

## ARTICLE XI
## RESERVATION OF RIGHTS

The filing of the Plan, any statement or provision contained herein, or any action taken by any creditor with respect to the Plan shall not be, or be deemed to be, (i) an admission against interest nor (ii) a waiver of any rights which Debtor may have against any entity, or which any creditor may have against the Debtor, Debtor's property or any other creditor may have against any entity. All such rights are specifically reserved until entry of the Confirmation Order. The Debtor reserves the right to object to Claims. In the event that no Confirmation Order is entered, neither this Plan nor any statement contained herein or action taken in connection therewith, may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization case involving the Debtor.

## ARTICLE X11
## CRAMDOWN

Debtor, as the proponent of the Plan, hereby requests that the Bankruptcy Court find that the Plan provides fair and equitable treatment of the impaired classes of Claims and interests, and, if such classes do not accept the Plan, that the Bankruptcy Court confirm the Plan notwithstanding section 1129(a)(8) of the Bankruptcy Code.

IN WITNESS WHEREOF, the Debtor has submitted this Plan of Reorganization this _____ day of _____, 2013.

JOSEPH L. HAMPTON
DEBTOR AND DEBTOR IN POSSESSION

By: _____
Joseph L. Hampton

Jan C. Morris
Lowen & Morris, PLLC
125 South 6th Street, Suite 300
Louisville, Kentucky 40202
(502) 587-7000
Facsimile: (502) 587-1126